UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:24-CR-54-KAC-JEM |
| v. | ) | |
| LANDON THOMAS PITTS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Landon Pitts's Motion for Protective Order [Doc. 18]. *See* 28 U.S.C. § 636(b). Pursuant to Federal Rule of Criminal Procedure 17(c)(2), Defendant asks the Court to modify a subpoena duces tecum for records from the Tennessee Department of Children's Services ("TDCS") by entering a protective order requiring confidentiality of the records and redaction of the names of minors, victim information, and other privileged information [Doc. 18 pp. 1–2].

Defendant, who is charged with being a felon in possession of a firearm [Doc. 3], states that he subpoenaed TDCS records "pertaining to his involvement with DCS, which may include any medical records, mental health records, Tennessee Family and Child Tracking System (TFACTS) notes and entries, expert witness reports, and all other records in the custody of the Department related to [him]" [Doc. 18 p. 1].[1] Defendant states that due to the confidentiality requirements of Tennessee law, TDCS will only release the requested records (1) if they are

---

[1] Defendant's description of the requested TDCS records does not reveal whether the records are Defendant's TDCS records from when he was a minor or are records of a TDCS investigation of Defendant as an adult or both.

appropriate for disclosure under the Federal Rules of Criminal Procedure and (2) if it redacts the records to protect minors, victim information, and material subject to privilege [*Id*.]. Defendant States that the Government has no objection to the proposed protective order, which Defendant has submitted to the Court [*Id*. at 2].

Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." *United States v. Justice*, 14 F. App'x 426, 433 (6th Cir. 2001). A party must show four factors before a Court may enforce a subpoena and "require production" of subpoenaed documents. *United States v. Nixon*, 418 U.S. 683, 699 (1974); *see also United States v. You*, No. 2:19-CR-14, 2024 WL 1404378, at *5 (E.D. Tenn. Apr. 1, 2024) (explaining that the *Nixon* factors are "suited to deciding the enforceability of a subpoena once it has been issued"). Those factors are:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing the *Nixon* factors).

At this time, the Court declines to modify the subpoena duces tecum for records from the TDCS and enter the proposed protective order because it does not have enough information to make the requested modification. Rule 17(c) is not intended to be used as a discovery device, *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009), and Defendant does not state the

nature of the records or whether they are evidentiary[2] or relevant.[3] Moreover, the Court is not able to determine whether notice to a victim under Rule 17(c)(3) is required in this case.

Accordingly, Defendant's Motion for a Protective Order [Doc. 18] is **DENIED** without prejudice to refile. Defendant may file this motion ex parte and under seal.

**IT IS SO ORDERED**.

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[2] According to Defendant, "if the Court allows the appropriate redactions and the filing of a protective order, the documents will be within the exceptions for which Department records can be disclosed to the defendant" [Doc. 18 p. 2 (citing Tenn. Code Ann. § 37-1-612)]. Tennessee Code Annotated section 37-1-612(b) provides that TDCS records shall not be disclosed except as provided in that statute or Tennessee Code Annotated § 37-5-107. Defendant does not explain how he falls within the exceptions in either statute.

[3] Defendant argues that he should be able to seek out relevant evidence [Doc. 18 p. 2] but does not explain how the TDCS records are relevant to his trial for being a felon in possession of a firearm or to sentencing. *See You*, 2024 WL 1404378, *2 (observing that a subpoena duces tecum may be issued for materials relevant to sentencing) (citing *United States v. Cauthon*, No. 18-5613, 2020 WL 13556553, at *4–5 (6th Cir. Jan. 7, 2020)).

3