IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CR-54-KAC-JEM |
| LANDON THOMAS PITTS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Unopposed Motion to Continue Plea Deadline and Trial [Doc. 20], filed by Defendant Landon Thomas Pitts on January 21, 2025.

Defendant asks the Court to continue the plea deadline and trial date [Doc. 20]. He seeks a continuance of thirty days [*Id.* at 2]. He states that his counsel and the Government are in good communication about the case; a short continuance is needed to work through the details of a potential agreement [*Id.* ¶ 3]. Defendant understands that the time between filing this motion and a rescheduled trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 5]. He represents that the Government does not oppose a continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would

both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs time to engage in plea negotiations, and if such negotiations are not fruitful, otherwise prepare for trial. The Court finds that this cannot occur before the February 18, 2025 trial date.

The Court therefore **GRANTS** the Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 20**]. The trial of this case is reset to **April 15, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the initial motion on January 21, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) the Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 20**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 15, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 21, 2025**, and the new trial date of **April 15, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 17, 2025**;

(5) the deadline for filing motions *in limine* is **March 31, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 1, 2025, at 10:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 4, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge